UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BOBBY WELLS, | CASE NO. C13-5883 BHS-JRC |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | NOTED FOR: |
| MICHAEL ALBERTS, | DECEMBER 20, 2013 |
| Defendant. | |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

The Court recommends dismissal of this action prior to service with the dismissal counting as a strike pursuant to 28 U.S.C. § 1915(e)(1) and (g). The Court has examined the original complaint, the amended complaint, and the contents of the file in a prior case *Wells v. Department of Corrections*, 13-0234RJB/KLS. Plaintiff fails to state a claim for violation of his First or Fourteenth amendment rights because his letter to a local newspaper was threatening in nature and not protected speech. Further, plaintiff's allegation that two defendants committed

1   perjury in the prior action fails to state a federal claim.  This action is subject to dismissal on

2   screening pursuant to 28. U.S.C. § 1915A(b)(1).

3                                                    FACTS

4          Plaintiff alleges in his amended complaint that defendant Albert lowered plaintiff's

5   custody level and transferred plaintiff in retaliation for a letter that plaintiff attempted to send to

6   a local newspaper (ECF No. 10, amended complaint).  Plaintiff also alleges that two people

7   committed perjury in the prior action when they represented to the Court that plaintiff could file

8   a grievance regarding retaliation (ECF No. 8 and 10).  Plaintiff only raised the perjury claim in

9   the original complaint (ECF No. 8).  The Court entered an order to show cause because the civil

10  rights act does not recognize a cause of action based solely on the allegation that a person, even a

11  state employee, has committed perjury. *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983).

12         The Court has examined the content of plaintiff's letter that was before the Court in

13  plaintiff's prior action.  (*Wells v Washington Department of Corrections*, 13-0234RJB/KLS

14  (ECF No. 35 p. 3)) Plaintiff stated:

15  To: The Editor,

16  Dear Clark County Residents,

17         I thought it would be most courteous if I write this letter to introduce
    myself since my new work assignment out of Larch Corrections Center will not
18  be inside the prison but at various places right in your community. School owned
    properties, parks and public trails where families recreate, and, maybe that field
19  near your home.

20         According to King County police, prosecutors, and Department of
    Corrections classification staff I am a high-violent, security threat who they
21  suspect may even be an escape risk. The police would add that I am one of the
    most "willful and dangerous" chase subjects some of them have pursued.
22
           To learn more about what D.O.C. records tell about me call the prison and
23  ask (360) 260-6300. I'm glad my days of incarceration need not be spent inside
    the confines of some boring old prison but, out where some FUN might be found.
24

REPORT AND RECOMMENDATION - 2

1   What a sweet thing this is! I promise that I will only mock your wives and
    mothers I happen to see around town with all the respect I am capable of showing.
2   I mean the utmost now. Whatever assumptions you hold about the type of person
    sent to prison. May they not be disappointed by me.

3
                            Bobby Wells #735091
4                           Larch Corrections Center

5       Plaintiff's prior action was dismissed without prejudice for failure to exhaust

6   administrative remedies (*Wells v Washington Department of Corrections*, 13-0234RJB/KLS

7   (ECF No. 37)).  At the time the Court ordered service in that case it did not have the contents of

8   plaintiff's letter before it.  The letter was attached as an exhibit to the answer (*Wells v*

9   *Washington Department of Corrections*, 13-0234RJB/KLS (ECF No. 18, Exhibit 1)).

10                                  DISCUSSION

11      A. First amendment claims.

12      Because this case is still at the screening level the Court has not applied the four factor

13  test set forth in *Turner v. Safley* to determine if prison officials actions were constitutional.

14  *Turner v. Safley*, 482 U.S. 78, 89 (1987)).  Under the first factor of that test prison officials

15  would identify the penological reasons for not allowing plaintiff to mail this correspondence and

16  for the decision to transfer him and change his custody level.  Because the defendants have not

17  been served, they cannot identify the reasons for their actions. The Court will use the less

18  stringent test that any person must meet for stating a claim for violating a First Amendment right.

19      The Ninth Circuit has held that:

20      "The protections afforded by the First Amendment, however, are not absolute."
        *Virginia v. Black*, 538 U.S. 343, 358, 123 S.Ct. 1536, 155 L.Ed.2d 535 (2003).
21      The Supreme Court has recognized a "true threat" exception to the First
        Amendment. *See, e.g., Watts v. United States*, 394 U.S. 705, 708, 89 S.Ct. 1399,
22      22 L.Ed.2d 664 (1969); *see also Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367,
        371-72 (9th Cir.1996). A true threat is "an expression of an intention to inflict
23      evil, injury, or damage on another" and such speech receives no First Amendment
        protection. *Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coal. of*

24

*Life Activists*, 290 F.3d 1058, 1075 (9th Cir.2002) (*en banc*) (quotation marks and citation omitted).

*Fogel v. Collins*, 531 F.3d 824, 830 (9th Cir. 2008).

The Ninth Circuit considers both an objective and a subjective test to determine if a message is a "true threat." *Fogel v. Collins*, 531 F.3d 824, 831-33 (9th Cir. 2008). Under the objective test the Court considers the context in which the message is sent and if a reasonable person receiving the message would perceive the message as a threat. *Id.*

Applying the objective standard the Court finds that plaintiff's letter to the local news paper contains very thinly veiled threats that he will behave poorly if sent into the community. Plaintiff is an inmate convicted of felony crimes. He is threatening misbehavior if released into the community and mentions schools, parks, and places where families recreate as places where he may be working. These places all become potential targets where he could carry out his threats of misbehavior. Plaintiff also specifically mentions wives and mothers as targets for his conduct. The Court concludes that a reasonable person reading plaintiff letter would perceive the letter as a threat.

Under the subjective standard the Court must consider plaintiff's intent in authoring the letter. *Fogel v. Collins*, 531 F.3d at 832. Plaintiff's intent is clear when the Court considers the context in which the letter was made. Plaintiff had been transferred to a minimum security camp and apparently he did not want to be there. Plaintiff is threatening misbehavior if he is allowed outside the prison. Plaintiff intended to intimidate the public and embarrass prison officials. His letter certainly caused prison officials to reconsider if he was a fit subject for the custody level he had and it caused them to transfer him to a higher custody facility. The Court concludes that plaintiff intended that his letter be perceived as a threat. Accordingly, under either the objective or subjective test, the Court finds plaintiff's speech is not entitled to First Amendment protection.

1    Having concluded that plaintiff's message is not entitled to First Amendment protection

2    the Court recommends this portion of the action be dismissed on screening pursuant 28 U.S.C. §

3    1915A(b)(1) for failure to state a claim.

4         B.    Alleged perjury in a prior action.

5         Plaintiff alleges two persons committed perjury in his prior action by representing to the

6    Court that plaintiff could file a grievance regarding this situation.  The civil rights act does not

7    recognize a cause of action based solely on the allegation that a person, even a state employee, has

8    committed perjury.  *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983).  Witnesses are absolutely immune

9    from damages liability based on their testimony.  *Id*.  Accordingly, plaintiff's claim of alleged

10   perjury is also subject to dismissal prior to service pursuant 28 U.S.C. § 1915A(b)(1) for failure

11   to state a claim.

12        The Court recommends that this action be dismissed on screening prior to service for

13   failure to state a claim and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(e)(2)

14   and (g).  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

15   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

16   6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

17   review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

18   imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

19   December 20, 2013, as noted in the caption.

20        Dated this 21st day of November, 2013.

21

22                                              J. Richard Creatura
                                                United States Magistrate Judge
23

24